The document below is hereby signed.

Signed: May 18, 2018



*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LENWOOD ORLANDO JOHNSON, | ) | Case No. 17-00066 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND
ORDER DENYING MOTION TO APPROVE COMPROMISE

This addresses a proposed settlement. I will deny approval of the settlement for the following reasons.

I

The debtor, Lenwood Orlando Johnson, owns a car as to which Toyota Motor Credit Corporation ("Toyota") holds a lien that is being paid off under Johnson's confirmed plan. After this bankruptcy case began, another driver rear-ended the car. That driver's insurance company, Amica Mutual Insurance Company, estimated that the repair costs exceeded the value of the car had it not been damaged. Amica is willing to pay $3,013.86 for the accident if Johnson retains the car, and $4,966.02 if Johnson turns over title and possession of the car to Amica.

The $4,966.02 figure represents what Amica determined

Johnson would have to spend for a replacement vehicle in the same condition as his car was in before the accident.  However, if Johnson retains the car, Amica estimates that the car has a salvage value of $1,952.16, and Amica is willing to pay only $3,013.86 of insurance (the $4,966.02 replacement figure less the $1,952.16 salvage value): Johnson would not be entitled to both (1) receive funds to replace the car, and (2) retain the car and realize its salvage value.

Amica has filed a *Motion for Approval of Settlement*, seeking to have this court approve a proposed settlement by Amica with Toyota and the Chapter 13 trustee pursuant to Federal Rule of Bankruptcy Procedure 9019 under which Amica would tender a check in the amount of $4,966.02 to Toyota in exchange for ownership of the car.  Johnson opposed the motion, noting that he wants to retain the car, and have the $3,013.86 in insurance proceeds (the amount of insurance Amica says is payable if he retains the car) used towards repairing the car.

II

Although Toyota acquired a lien against the car, Johnson remained the owner of the car.  Upon the commencement of the bankruptcy case, the car became property of the bankruptcy estate under 11 U.S.C. § 541(a)(1).  However, pursuant to 11 U.S.C. § 1306(b), Johnson remains in possession of the car, and pursuant to 11 U.S.C. § 1303, Johnson has, exclusive of the Chapter 13

trustee, the rights and powers of a trustee under 11 U.S.C. § 363 to use or sell the car.

At the hearing on the *Motion for Approval of Settlement*, Amica was unable to point to anything that would require Johnson, over his objection, to relinquish possession of the car.  The confirmed plan still binds Toyota: its allowed secured claim is to be paid off via plan payments.  I will assume that its lien attaches to any insurance proceeds payable on account of damage to the car.  However, if Johnson wishes, he ought to be allowed to retain possession of the car, with only $3,013.86 in insurance proceeds to be paid (if that is the appropriate insurance amount to be paid if Johnson retains the car), and with Toyota still secured by the car (which still has value, its salvage value, estimated by Amica to be $1,952.16).  Amica pointed to nothing in the law that permits Toyota to dictate whether Johnson retains the car or, instead, turns over ownership of the car to Amica.  It thus follows that, as the owner of the car, it is Johnson, not Toyota, that has the right to decide whether to retain the car or, instead, to turn over the car to Amica so that insurance proceeds in a higher amount are realized.  Accordingly, I will not approve the proposed settlement.

III

Only the *Motion for Approval of Settlement* is pending before the court, and there is no proceeding pending in which an order

has been sought regarding what is to happen regarding the insurance proceeds payable on account of the accident if Johnson retains the car.

Toyota has expressed only a willingness to accept a payment of $4,966.02 in insurance proceeds (the amount that Amica is willing to pay if it receives title to the car). It has not agreed that $3,013.86 is the amount of insurance proceeds that is payable if Johnson retains the car, and it is uncertain whether Toyota could bar the Johnson's agreeing to that figure. For purposes of further discussion, I will assume that Toyota would agree to that figure, but no proceeding has been filed to direct the disposition of any such insurance proceeds.

Johnson is willing to accept the $3,013.86 figure, but wants to have the $3,013.86 used towards the repair of the car. However, under 11 U.S.C. § 552(b)(1) Toyota's lien will probably attach to the proceeds of the insurance. Even if the proceeds do not become property of Toyota by virtue of its lien attaching to the proceeds and, instead, are property of Johnson, those proceeds would be cash collateral within the meaning of 11 U.S.C. § 363(a) as to which Toyota is entitled to adequate protection. Accordingly, even if Johnson has an interest in the $3,013.86 in proceeds, it might not be appropriate to order the $3,013.86 to be paid to Johnson without an order in place providing adequate protection for Toyota's lien.

Toyota and Johnson ought to attempt to arrive at an agreement regarding the disposition of the proceeds.  If they are unable to reach an agreement, Amica indicated at the hearing that it would be willing to make a check jointly payable to Johnson and Toyota and to deliver the check to Toyota, with any disposition of the $3,013.86 to be later resolved by Toyota and Johnson (or by court order), but Toyota has not been heard on that score.  If Johnson is entitled to use the proceeds as part of paying for repairs to the car (or has a claim to such an entitlement), it might make more sense for the parties (Johnson, Amica, and Toyota) to agree that the proceeds be placed in the registry of the court pending resolution by Johnson and Toyota (or by the court) regarding the disposition of the proceeds.  (That would avoid the problem of a check made jointly payable to Johnson and Toyota becoming stale.)  Absent an agreement, Amica could protect itself by filing a complaint commencing an interpleader proceeding.

In any event, all of the foregoing issues are not before the court for disposition.  The only proceeding pending is the *Motion for Approval of Settlement*.

IV

In light of the foregoing, it is

ORDERED that the *Motion for Approval of Settlement* is DENIED.

[Signed and dated above.]

Copies to: Debtor; Recipients of e-notification of filings;

Cindy L. Walsh
Becket & Lee, LLP
16 General Warren Blvd.
Malvern, PA 19355