The document below is hereby signed.

Signed: July 2, 2020



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LENWOOD ORLANDO JOHNSON, | ) | Case No. 17-00066 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND
ORDER DENYING MOTION TO VALUE COLLATERAL

The debtor seeks to value certain collateral, a motor

vehicle.  He did that via a motion but did not make proper

service under Fed. R. Bankr. P. 7004 which applies to motions by

reason of Fed. R. Bankr. P. 9014.  Under Rule 7004(b)(3), mailing

to the address on the proof of claim for notices does not

suffice.  However, the debtor could have filed an objection to

the proof of claim (an alternative way authorized by Fed. R.

Bankr. P. 3012(b) for requesting a valuation determination) and

made service under Fed. R. Bankr. P. 3007(a)(2)(A) by mailing the

objection (with notice of the opportunity to oppose under LBR

3007-1) to the person listed on the proof of claim to receive

notices.[1]

Moreover, the *Motion to Value Collateral* fails to include a

notice of an opportunity to oppose the *Motion* as required by LBR

9013-1(b).

In addition, the *Motion* relies on trade-in value.  However,

11 U.S.C. § 506(a)(2) provides:

> If the debtor is an individual in a case under chapter 7
> or 13, such value with respect to personal property
> securing an allowed claim shall be determined based on
> the replacement value of such property as of the date of
> the filing of the petition without deduction for costs of
> sale or marketing. With respect to property acquired for
> personal, family, or household purposes, replacement
> value shall mean the price a retail merchant would charge
> for property of that kind considering the age and
> condition of the property at the time value is
> determined.

In this regard, the debtor has used a 2019 valuation of the

collateral, not a valuation of the car as of February 6, 2017,

when this case began.  The debtor also claims a reduction of the

value for a 2019 estimate (or invoice) of $2,191.70 for needed

repairs.  The debtor does not assert that these repairs were

needed as of February 6, 2017, when this case began.

---

[1]  The address the debtor used was to a street address for
the law firm that filed the proof of claim, but the address on
the proof of claim for receipt of notices was a post office box
address:

    Becket and Lee LLP
    PO Box 3002 Dept. MVS
    Malvern PA 19355-1245

That address ought to be used if the debtor pursues an objection
to claim.

For all of these reasons, it is

ORDERED that the debtor's *Motion to Value Collateral* is

denied without prejudice.

[Signed and dated above.]

Copies to: Debtor; Recipients of e-notification of filings;

Cindy L. Walsh
Becket & Lee, LLP
16 General Warren Blvd.
Malvern, PA 19355

R:\Common\Teel\DMT\Judge Temp Docs\Johnson (Leonor) Order re Motion to Value Collateral_v4.wpd